## W. W. FAIRBANKS v. MARY HILL.

ADMINISTRATION. *Husband.* *Right to administer on wife's estate.* The husband is entitled to administer upon the estate of his deceased wife.

---

FROM WARREN.

---

Appeal in error from the Circuit Court of Warren county.   J. J. WILLIAMS, J.

F. M. SMITH for Fairbanks.

E. W. MUNFORD for Hill.

McFARLAND, J., delivered the opinion of the court.

This contest began in the County Court of Warren county between W. W. Fairbanks and Mary Hill, each claiming the right to administer upon the estate of Ann Lee Fairbanks, deceased, late of said county, said W. W. Fairbanks being the husband, and said Mary Hill the mother of the deceased. The county court decided in favor of the husband, granted him letters, accepted his bond, and administered the oath. Upon appeal the circuit court reversed the judgment and decided in favor of the right of the mother to administer. The right of the husband in this regard is perhaps as well settled as anything in the law, unless the law in this respect has been changed by legislative action. It is assumed that this was done by the act of 1859–60, T. & S. Code, sec. 2206a.

The act of 1815, providing that administration should be granted to next of kin, was repealed by being omitted in the adoption of the Code, so that the county court was at liberty to select either one of the next of kin, or a creditor, or the widow.     See *Swan* v. *Swan,* 3 Head, 163.

The act of 1859–60 enacted "that when any person shall die intestate in this State, administration shall be granted to the widow of such person if she make application for the same; for want of such application on the part of the widow, administration is to be granted to the next of kin if they apply; if neither the widow or next of kin apply, then to the largest creditor," etc.     His Honor, the Circuit Judge, was in error in supposing that this act was intended to deprive the husband of his well settled rights under the law to administer upon the estate of his deceased wife, and take in this mode her choses in action not previously reduced to possession by him. There was no purpose to change the law in this respect, although the language used is somewhat general.

The judgment of the circuit court will be reversed, and the judgment of the county court affirmed.